UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:05-cr-108-FtM-29DNF

RYAN SALYER
_____

                           **OPINION AND ORDER**

    This matter comes before the Court on defendant's Motion for Termination of Supervised Release (Doc. #20), filed on September 28, 2017. The United States Attorney's Office filed a Response (Doc. #21) on October 12, 2017, opposing the motion. Defendant seeks early termination arguing that supervision for life is disproportionate in light of more current recommendations of the United States Sentencing Commission.

    On November 2, 2005, pursuant to a Plea Agreement, defendant entered a plea of guilty to Count One of an Information (Doc. #2) charging defendant with receiving child pornography transported in interstate and foreign commerce. On February 6, 2006, defendant was sentenced to a term of 78 months of imprisonment, and supervised release for life pursuant to the Policy Statement under U.S. Sentencing Guidelines Manual § 5D1.2(b) for sex offenses. (Doc. #15.) The Court recommended incarceration in a facility with a sexual offender treatment program as part of the Judgment

(Doc. #16). Additional conditions of supervised release were also imposed to prohibit direct contact with minors, to register with the state sexual offender registration agency, and other such restrictions. Defendant was released from incarceration and commenced his term of supervised release on October 4, 2011. Defendant attends mental health counseling once a week. Counsel states that defendant has maintained employment as an airplane maintenance technician, he has complied with conditions of his supervised release, including counseling, and has not left the judicial district without permission.

Early termination of supervised release is permissible if, after considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the conduct of defendant and the interests of justice. 18 U.S.C. § 3583(e)(1). Although defendant views the term of supervised release for life as off-trend with the current thinking of the United States Sentencing Commission, counsel concedes that the sentence was not improper at the time it was imposed:

> It is not the Defendant's position that, at the time of sentencing, his sentence was improper, or to use the description by the Sentencing Commission, "outdated". However, the Defendant's Motion for Termination of Supervised Release is a request to acknowledge the advances in the understanding of child pornography offenses.

(Doc. #20, p. 3.)  Specifically, counsel is seeking termination based on a United States Sentencing Commission report on non-production child pornography offenses recommending that Congress take action.

A review of the Addendum reflects no objections to the lifetime term were raised at sentencing, and no current precedent supports defendant's position that a term of lifetime supervision should be terminated when no error is presented.  See United States v. Jackson, 691 F. App'x 595, 597 (11th Cir. 2017) (finding no plain error because there is no precedent to support the argument). The Eleventh Circuit has also specifically rejected the Report as a basis to reduce a sentence because it has no impact on the applicable guidelines.  See United States v. Cubero, 754 F.3d 888, 900 (11th Cir. 2014) ("The publication of the 2013 report does not change the statutory sentencing scheme, the applicable sentencing guidelines, or the binding precedent about § 2G2.2 in this Circuit.").  See also United States v. Carpenter, 803 F.3d 1224, 1235 (11th Cir. 2015) (finding no abuse of discretion based on Cubero); United States v. Lichtman, 683 F. App'x 873, 877 (11th Cir. 2017) (finding that the Report does not limit the district court's discretion).  The motion for termination will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Termination of Supervised Release (Doc. #20) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida this   17th   day of October, 2017.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
U.S. Attorney
U.S. Probation

4